## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

HAJN, LLC,
a Florida limited liability company,

      Plaintiff,

v.

A&E TELEVISION NETWORKS, LLC,
a Delaware limited liability company,

      Defendant.

_____/

Case No. _____

**JURY TRIAL REQUESTED**

## COMPLAINT FOR WILLFUL TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

Plaintiff HAJN, LLC ("Hajn") hereby sues Defendant A&E TELEVISION NETWORKS, LLC ("A&E") for willful trademark infringement and unfair competition. In support, Hahn hereby alleges as follows:

### THE PARTIES

1.      Hajn is a Florida limited liability company located at 5405 Stately Oaks Street, Fort Pierce, Florida 34981. Formed and organized in December 2009, Hajn is an apparel designer, manufacturer, marketer, and seller, with a particular focus on novelty wear.

2.      A&E, previously known as "the Arts & Entertainment Network," is a Delaware limited liability company headquartered at 324 East 45th Street, New York, New York, 10017.

### JURISDICTION AND VENUE

3.      This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), by virtue of 15 U.S.C. §1051 *et seq.,* in that the case arises

out of §43(a) of the Lanham Act for trademark infringement and supplemental jurisdiction under 28 U.S.C. §§1367(a) and 1338 (a),(b).

4.       Venue is proper, *inter alia*, under 28 U.S.C. §1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Moreover, venue is proper as A&E has maintained substantial and non-isolated business activities within the Southern District of Florida not only through the broadcast of A&E's show Duck Dynasty but also through its significant efforts to market, advertise, promote, and sell the allegedly infringing items addressed herein at brick-and-mortar retail stores throughout South Florida, including Wal-Mart, Kohl's, Sports Authority, and Target.

## GENERAL ALLEGATIONS

5.       Over the last four years, Hajn has designed, developed, made, manufactured, marketed, promoted, offered for sale and sold a variety of unique novelty consumer items and related novelty apparel.

6.       In or about January 2011, Hajn developed a unique and inherently distinctive line of novelty wear under the mark **MY FAVORITE COLOR'S CAMO**.  Hajn not only sought to design a variety of apparel (such as shirts, pants, hoodies, hats, caps, *etc*.), but also opted to focus on other novelty items such as magnets, stickers, bumper stickers, and related consumer products under this unique and eye-catching mark.

7.       On or about January 1, 2011, Hajn, through Internet domain name registrar GoDaddy, secured the domain name www.MyFavoriteColorsCamo.com ("the Camo Domain Name") for purposes of advertising, selling and offering for sale apparel, novelty wear, and related novelty items based upon the newly developed **MY FAVORITE COLOR'S CAMO** mark.

8.  From January 2011 through the present, Hajn sold a variety of apparel, as well as related bumper stickers, etc., through a variety retail shops, including, in Florida, West of Ole England, Al's Army and Navy, Latitude 25, The Tackle Box, Big John's Feed and Western Wear, Eli's Western Wear, and Byrd's Western Store, as well as multiple recurrent outdoor festivals, sporting events and shows.

9.  However, by August 2012, Hajn launched a merchant website on the Camo Domain Name to provide a mechanism for direct sales (in addition to brick and mortar retail sales) of its apparel and related novelty items.  As shown, by August 2012, customers could buy t-shirts, mugs, hats, accessories, decals, hoodies, and related novelty items on Hajn's site:



10.  From August 2012 to the present, Hajn has obtained considerable website traffic, national visibility, and likewise generated considerable interest in this line of apparel (as well as

related novelty items).   Based upon this, Hajn has created considerable goodwill, notoriety and repute under the mark **MY FAVORITE COLOR'S CAMO.**

11.     In addition, Hajn has seen consistent sales of its apparel and novelty items bearing the mark **MY FAVORITE COLOR'S CAMO** between January 2011 to the present. Thus, Hajn's mark **MY FAVORITE COLOR'S CAMO** has achieved secondary meaning, either due to its inherent distinctiveness, or alternatively based upon its acquired distinctiveness.

<u>Hajn's Federal Trademark Registration</u>

12.     In order to protect its unique and distinctive brand, Hahn, through counsel, prepared and filed Trademark Application Serial No. 85/181,028, under Section 1(b) as an intent-to-use application, before the United States Patent & Trademark Office ("USPTO") regarding its mark **MY FAVORITE COLOR'S CAMO** on November 19, 2010.   This application was filed in two international classes, which include:

- International Class 16 for "Bumper stickers; Decals; Decorative decals for vehicle windows; Magnetic bumper stickers; Stickers; Stickers and decalcomanias"; and

- International Class 25 for "A-shirts; Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Body shirts; Camouflage jackets; Camouflage pants; Camouflage shirts; Camouflage vests; Camp shirts; Caps; Caps with visors; Gym pants; Hunting pants; Pants; Sports pants; Sweat pants; Sweat shirts; Sweat shorts; T-shirts; Tee shirts."

13.     After securing the rights to the Camo Domain Name, as well as beginning sales in Interstate commerce of apparel and related bumper stickers by January 2011, Hajn filed an amendment to allege use on or about January 10, 2011, and provided the following specimens:

  

| Novelty Bumper Stickers & Magnetic Bumper Stickers | Decals, Decorative decals for vehicle windows; Stickers and decalcomanias | Apparel |

14.     On March 3, 2011, Midge F. Butler, the Trademark Examining Attorney at the USPTO reviewing the underlying trademark application noted that he "found no conflicting marks that would bar registration under the Trademark Act."

15.     On July 22, 2011, the USPTO issued a notice of publication regarding Trademark Application Serial No. 85/181,028, providing a publication date of August 23, 2011.

16.     At no time during the thirty-day opposition period, beginning on August 23, 2011, did any third-party seek to oppose Hajn's rights to the mark **MY FAVORITE COLOR'S CAMO** in International Classes 25 or 16.

17.     On November 8, 2011, the USPTO issued United States Trademark Registration 4,051,985 for the mark **MY FAVORITE COLOR'S CAMO** in International Classes 25 and 16 (the "Camo Registration").  A true and correct copy of the Camo Registration is attached at **Exhibit A**.

18.     As a result, the mark **MY FAVORITE COLOR'S CAMO** connotes a considerable level of goodwill and repute in the apparel industry.  Accordingly, Hajn maintains exclusive and unencumbered rights to the mark **MY FAVORITE COLOR'S CAMO.**

<u>A&E and its Infringing Actions involving the show "Duck Dynasty"</u>

19.     Since March 2012, A&E has marketed, advertised, promoted, and televised nationwide a reality television show entitled Duck Dynasty which is currently in its sixth season.   To date, A&E has televised approximately 68 episodes of Duck Dynasty.

20.     Filmed on location in West Monroe, Louisiana, the Duck Dynasty series follows the Robertson family, which are the owners of a company called Duck Commander Company, a manufacturer of popular duck calls used in duck hunting.   Cast members include Phil Robertson, the family patriarch and founder of Duck Commander Company, a former quarterback at Louisiana Tech University.   In addition, the show focuses on Willie Robertson, Phil's third son, and the current CEO of Duck Commander Company, who reportedly grew the company into a multi-million dollar operation.   The show likewise features Si Robertson, Willie's uncle and Phil's brother – based upon his colorful sayings.

21.     Duck Dynasty represents one of television's most watch, debated, and controversial reality television shows.   It also represents one of A&E's most well viewed and followed shows.   Just in the first nine months of 2013, the show had $80 million in advertising revenues.

22.     Based upon this fame, A&E has sought to commercialize the show through various merchandising deals with large brick and mortar stores such as Sears, Wal-Mart, Kohl's, Sports Authority, and Target.   A&E generated $400 million in revenues from sales of Duck Dynasty branded merchandise at Wal-Mart in 2013 alone.

23.     A&E advertises and promotes its Duck Dynasty-branded merchandise through the show, through social media such as Facebook and Twitter, as well as Internet and web based advertising.

24.     After the November 2011 issuance of the Camo Registration for the mark **MY FAVORITE COLOR'S CAMO**, A&E began selling a variety of merchandise that featured Si Robertson, one of the individuals featured in Duck Dynasty.   This merchandise was based upon Si Robertson making a statement on one of the shows that "My favorite color is Camo."  Based upon this, A&E began offering a line of children's, women's, and men's apparel, all featuring the mark **MY FAVORITE COLOR IS CAMO**.

25.     Sales of apparel featuring the mark **MY FAVORITE COLOR IS CAMO** includes extensive sales on Amazon:



26.     In addition, A&E has likewise sold various hoodies and related apparel on Shopko:



27.     As shown, both shirts sold on Shopko and Amazon tie the name **MY FAVORITE COLOR IS CAMO** with A&E, which suggests that any and all goods associated with that name are affiliated or related to A&E and its Duck Dynasty show, leading to multiple instances of actual confusion..

28.     Over the last year, A&E has used social media to further promote apparel that includes the theme **MY FAVORITE COLOR IS CAMO**, including but not limited to the following July 7, 2013 Twitter post:



As shown, this tweet alone was "retweeted" by third-parties over 206 times, denoting the widespread dissemination by A&E of its advertising campaign based upon the name **MY FAVORITE COLOR IS CAMO.**

<u>Cease and Desist Letter</u>

29.     Based upon these actions by A&E, Hajn, through its undersigned counsel, wrote a formal demand letter to A&E that addressed how these various lines of Duck Dynasty apparel offered and sold by A&E constituted trademark infringement and/or unfair competition with regard to the Camo Registration.   A true and correct copy of this June 5, 2014 dated formal demand letter is attached as **Exhibit B**.   This demand insists that A&E:

- Immediately cease further promotion and sale of goods bearing the name **MY FAVORITE COLOR IS CAMO;**

- Pay monetary damages based upon the aforementioned acts of trademark infringement; and

- Pay reasonable attorneys fees and costs associated with this matter.

30.     Approximately ten days after sending the June 5, 2014 dated demand letter, attorneys representing A&E contacted Hajn's counsel suggesting that it was reviewing the allegations and would provide a substantive reply soon.

31.     Despite passage of over three weeks from A&E counsel's assurances, no response was ever provided by A&E (or its attorneys).

32.     Moreover, even after the June 5, 2014 demand, A&E continues to advertise and market apparel under the name **MY FAVORITE COLOR IS CAMO**.

33.     A&E's use of the name has led to instances of confusion, including instances of reverse actual confusion, in that customers either believe that Hajn is selling Duck Dynasty apparel, or that Hajn's apparel and related novelty goods are based upon the show.

34.     A&E's prior, current and continued use of the name **MY FAVORITE COLOR IS CAMO** has caused, risks, and shall continue to cause consumer confusion.

35.     In addition, A&E's conduct constitutes clear acts of unfair competition that risks considerable consumer confusion in that customers purchasing apparel from A&E believe that these goods are affiliated, sponsored, endorsed or related to Hajn.    Alternatively, A&E's conduct constitutes reverse palming off, in that consumers believe that Hajn is selling Duck Dynasty related apparel.

<u>COUNT I</u>
<u>FEDERAL UNFAIR COMPETITION – PASSING OFF</u>
<u>15 U.S.C. §1125(a)</u>

36.     Hajn re-alleges and incorporates by reference paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37.     Defendant A&E has knowingly and intentionally used name **MY FAVORITE COLOR IS CAMO** to advertise in interstate commerce within multiple marketing and business channels (including but not limited to on-line retailers) in connection with the sale of apparel in the same industry as Hajn.

38.     In addition, Defendant has placed into commerce for sale on sites such as Ebay (either directly or indirectly) various lines of apparel which use, without authorization or consent from Hajn, the name **MY FAVORITE COLOR IS CAMO**  on apparel such as the following:



39.     A&E markets apparel that predominantly incudes the name **MY FAVORITE COLOR IS CAMO** through social media (as addressed previously), as well as through other Internet based advertising.

40.     Through these various carefully orchestrated efforts to use of the name **MY FAVORITE COLOR IS CAMO**, A&E has endeavored to suggest to relevant consumers of apparel that A&E is affiliated, sponsored and/or related to Hajn, and its line of clothing under the almost identical mark **MY FAVORITE COLOR'S CAMO.**

41.     A&E's infringing conduct, including actions through its show, social media, and related Internet advertising, all leads to the suggestion there is some relationship between A&E and Hajn.

42.     A&E's use of the name **MY FAVORITE COLOR IS CAMO** is likely to cause, has caused, and will continue to cause, confusion among customers as to the origin, sponsorship or approval of Hajn's apparel products.

43.     As such, A&E's actions are in violation of 15 U.S.C. § 1125(a) in that A&E has used and continue to use, in relation to commercial activities, a false designation or origin, or a false or misleading description which is likely to cause confusion, to cause mistake, and to deceive, as to the affiliation, connection, or association of A&E with Hajn.

44.     Hajn has suffered, and will continue to suffer, irreparable harm resulting from the acts of unfair competition by Defendants. Hajn will suffer additional irreparable harm unless A&E is enjoined by the Court from continuing those acts, which constitute unfair competition.

45.     Hajn has no adequate remedy at law.

46.     Upon information and belief, A&E's acts of unfair competition are willful and this is an exceptional case within the meaning of 15 U.S.C. §1117.

<u>**COUNT II**</u>
<u>**INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK**</u>
<u>**15 U.S.C. §§1114**</u>

47.     Hajn re-alleges and incorporates by reference paragraphs one (1) through thirty-five (35) as if fully set forth herein.

48.     Hajn maintains the Camo Registration including in Class 25 for apparel.

49.     Hajn's Camo Registration before the USPTO for the mark **MY FAVORITE COLOR'S CAMO** before the USPTO is conclusive evidence of the validity and enforceability of that mark for the sale and offer for sale of apparel, the manufacture of apparel, as well as the distribution of apparel.

50.     A&E's later adoption and wrongful use of the name **MY FAVORITE COLOR IS CAMO** in commerce in conjunction with apparel in the same industry, to the same target group of consumers, is likely to cause consumer confusion, mistake or deception as to source, sponsorship, affiliation, or authorization by Hajn, or alternatively, to destroy the origin-identifying function of Hajn's **MY FAVORITE COLOR'S CAMO** mark.

51.     As a proximate result of A&E's actions, Hajn has suffered, and will continue to suffer, damages to its business, reputation, and goodwill, and is entitled to recover damages for this injury.

52.     The willful conduct of the A&E will continue to cause irreparable harm to Hajn unless A&E is restrained and enjoined from further unlawful conduct.

53.     Hajn's remedy at law is inadequate to compensate it for the injuries it will suffer in the future for the continued acts of infringement alleged herein.

54.     The foregoing acts of infringement by Hajn in appropriating the **MY FAVORITE COLOR'S CAMO** mark has been and continues to be, deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C §1117.

55.     Hajn is entitled to a permanent injunction against A&E, as well as all other monetary remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, costs and attorney's fees.

### COUNT III
### COMMON LAW UNFAIR COMPETITION

56.     Hajn re-alleges and incorporates by reference paragraphs one (1) through thirty-five (35) as if fully set forth herein.

57.     This is an action of unfair competition under the laws of the state of Florida.

58.     A&E's aforesaid activities constitute unfair competition and an infringement of Hajn's common law rights in the mark **MY FAVORITE COLOR'S CAMO** based upon A&E efforts to "pass off" their apparel as being associated, affiliated with, or endorsed by Hajn.

59.     Alternatively, A&E's aforesaid activities constitute unfair competition based upon acts of reverse passing off.

60.     Hajn has been damaged by the A&E's knowing and willful acts of unfair competition, including but not limited to its adoption and continued use of the name **MY FAVORITE COLOR IS CAMO**, which has created a likelihood of confusion.

61.     This common law unfair competition has caused, and unless enjoined will continue to cause Hajn irreparable harm.

62.     Hajn has no adequate remedy at law.

### PRAYER FOR COSTS AND ATTORNEY FEES

Hajn requests an award of reasonable costs and attorney fees pursuant to the Lanham Act and Florida Statutes.

### REQUEST FOR JURY TRIAL

Hajn requests jury trial of all matters so triable as a matter of right.

### PRAYER FOR RELIEF

WHEREFORE, for all of the foregoing reasons, Plaintiff HAJN, LLC requests this Honorable Court grant relief in the following manner:

a.     A&E and their agents, servants, employees, and those people in active concert or participation with them be preliminary and permanently enjoined from infringing on Hajn's mark or colorable imitation thereof.

b.      Hajn be awarded all other monetary remedies available under the Lanham Act and common law, including but not limited to, penalties and fines, compensatory damages, treble damages, disgorgement of profits, interest, costs and attorney's fees as legally permitted by each count respectively.

c.      Any and all other relief that this Honorable Court deems just.

DATED this July 22, 2014.

_____*s/* GREGORY S. WEISS_____
Gregory S. Weiss, Florida Bar No. 163430
gweiss@mrachek-law.com
Scott W. Konopka, Florida Bar No. 80489
skonopka@mrachek-law.com
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 South Flagler Drive, Suite 600
West Palm Beach, FL 33401
Telephone: 561-355-6993
Facsimile:  561-655-5537

Robert H. Thornburg, Florida Bar No. 630829
rthornburg@addmg.com
ALLEN, DYER, DOPPELT, MILBRATH
& GILCHRIST, P.A.
1221 Brickell Ave., Suite 2400
Miami, FL  33131
Telephone:  305-374-8303

*Attorneys for Hajn LLC.*