**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**Case No. 2:14-cv-14291-RLR**

HAJN, LLC,
a Florida limited liability company,

      Plaintiff,

v.

A&E TELEVISION NETWORKS, LLC,
a Delaware limited liability company,

      Defendant.
_____/

**PLAINTIFF HAJN, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT A&E**
**TELEVISION NETWORKS, LLC'S MOTION FOR PROTECTIVE ORDER [D.E. 22]**

Plaintiff, HAJN, LLC ("HAJN"), hereby responds in opposition to Defendant A&E

Television Networks, LLC's ("AETN") Motion for Protective Order ("Motion") [D.E. 22], as

follows:

**I.      Introduction**

AETN's attempts to block HAJN from obtaining directly relevant documents to HAJN's

infringement claims; therefore, its Motion should be denied. HAJN alleges that AETN, while

commercializing its reality television show "Duck Dynasty", wrongfully used HAJN's Federally

registered mark "MY FAVORITE COLOR'S CAMO" in retail merchandise. Compl. at ¶¶43-58.

Duck Dynasty is based upon, features and follows the Robertsons' family business, Duck

Commander, Inc. ("Duck Commander"). *Id.* at ¶¶19-20.  HAJN served Duck Commander with a

subpoena requesting "any and all contracts, agreements and related instruments between [Duck

Commander] and [AETN] with regard to… 1(a) Duck Dynasty, 1(b) Royalties based upon the

show Duck Dynasty, and 1(c) Apparel sales based upon Duck Dynasty." Duck Commander's

responsive documents are directly relevant to HAJN's infringement claims; therefore, Court should deny the Motion.

## II.      Argument

Documents explaining, defining or showing AETN's level of control, oversight and direction in commercializing Duck Dynasty merchandise are directly relevant to HAJN's claims. As shown in the Complaint at Para. 25, some AETN-labeled Duck Dynasty merchandise contains one form of the infringing mark as well as images of Duck Commander employees/the Robertsons:



Moreover, AETN's admits "that one member of the Robertson family approved the aesthetic design of the Infringing Apparel"[1] and that communications exist between AETN and the Robertsons regarding both the Trademark-in-Suit[2] and HAJN[3]. **Ex. A** pp. 19-20. Duck

---

[1] AETN's Response to Req. 120 of HAJN's Requests for Admission, a copy of which is attached as Exhibit "**A**".
[2] Ex. A at Req. 125.
[3] Ex. A at Req. 126.

Commander, which is represented by counsel separate from AETN, itself did not oppose production of the responsive documents, but rather simply asked for additional time to respond.[4] As explained to counsel for AETN prior to its filing of the Motion, the document requests "are meant and designed to determine the contractual relationships between the Robertsons, Duck Commander and A&E -- especially as to the level of control, oversight and direction provided with regard to the branding of Duck Dynasty."[5]

Federal Rule of Civil Procedure 26 provides for the "discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Of course, the Rules "strongly favor a full and broad scope of discovery whenever possible, allowing a party to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of any party.'" *Regency of Palm Beach, Inc. v. QBE Ins. Corp.,* 259 F.R.D. 645, 648 (S.D. Fla. 2009) (internal citation omitted). "The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is or may [become] an issue in the litigation." *Aldelman v. Boy Scouts of America,* 276 F.R.D. 681, 689 (S.D. Fla. 2011).

A. Request 1(a):

This Request seeks production of "[a]ny and all contracts, agreements and related instruments between [Duck Commander] and [AETN] with regard to… Duck Dynasty." "The internal actions and deliberations of an alleged [trademark] infringer are relevant to the determination of whether a defendant has acted in bad faith, or with bad intent, in using the mark at issue." *Klayman v. Freedom Watch, Inc.,* 2007 WL 3343079, 4 (S.D. Fla. 2007).  Beyond the

---

[4] *See* Email to Robert Thornburg, dated October 22, 2014, a copy of which is attached as Exhibit "**B**".
[5] *See* Email from Robert Thornburg, Esq., dated October 20, 2014, attached as Ex. "**C**".

direct relevance of these responsive documents to AETN's bad faith or bad intent, the Request includes documents showing Duck Commander's control, oversight and direction over, and input into, any branding of Duck Dynasty, including the infringing apparel.[6]  Separately, it is relevant whether there is any difference between the terms related general sales of Duck Dynasty apparel as compared to sales Duck Dynasty's infringing apparel, and the steps that may have been required to research a slogan before commercializing it.  Duck Commander's contracts, royalty agreements and sales agreements with AETN, are relevant to determine AETN's intent, control, oversight, direction, and process related to the infringing apparel.

Notably, while HAJN addressed during its meet and confer efforts the importance of reviewing such agreements as to the issue of control and oversight, AETN failed to rebut why such agreements are not important.   In addition, AETN has not supplied any law to the contrary.

B. Request 1(b):

This request seeks production of "Any and all contracts, agreements and related instruments between [Duck Commander] and [AETN] with regard to… Royalties based upon the show Duck Dynasty." Again, this request is highly relevant.   Such royalty information (as well as related payments) is likely the best evidence to determine AETN's use of the names, likeness, rights of publicity, and any related source identifying indicia.  The discovery of royalties paid may lead to additional royalties AETN is paid (or pays) for the sale of the infringing material. Obtaining this information will allow also HAJN to clarify damages issues by understanding AETN's royalties paid (or received) for the infringing material.   The possible difference in

---

[6] Third party licensing agreements and product development documents are discoverable if relevant. *See Cryptography Research, Inc. v. Visa International Service Association,* 2008 U.S. Dist. LEXIS 12189, 6 (N.D. Cal. Feb. 7, 2008).

royalties paid between the infringing and non-infringing material can show AETN's intent and is admissible, or is at least reasonably calculated to lead to admissible evidence.

AETN's underlying Motion fails to articulate any authority suggesting how royalty agreements are not relevant to the issues of damages in trademark infringement actions. Even if AETN would rely upon cases like *Purifan, Inc. v. Larry Parke, Sextan, Inc.* that authority is easily distinguished. In *Purifan*, the District Court of Kansas denied the defendant's motion to compel licensing agreements "pertaining in any way to the manufacture or sale by Plaintiff of ceiling fan air filtration system or the related filters." *Purifan, Inc. v. Larry Parke, Sextan, Inc.,* 2007 U.S. Dist. LEXIS 86715, 6 (D.C. Kan. Nov. 21, 2007). The reason for denying access to the requested agreement was because the court there noted how discovery of *plaintiff's* sales was not necessary for computing damages. Here, HAJN served the subpoena on Duck Commander to obtain information that is directly relevant and necessary for computing damages regarding how AETN monetizes its sales of apparel, including those that include the infringing slogan(s).

C. Request 1(c):

This request seeks production of "[a]ny and all contracts, agreements and related instruments between [Duck Commander] and [AETN] with regard to… Apparel sales based upon Duck Dynasty." Akin to the first two requests in the Duck Commainder subpoena, the responsive documents are directly relevant (including based upon the foregoing authority). This information will determine AETN's level of control over, oversight into, and direction given with regard to the branding and sales of AETN's infringing Duck Dynasty apparel, as well as provide insight into HAJN's potential damages.

5

**III.    Conclusion**

This Court should deny AETN's Motion for Protective Order, as Requests 1(a)-(c) are directly relevant to HAJN's claims.

Respectfully submitted,

_s/_   GREGORY S. WEISS
Gregory S. Weiss, Florida Bar No. 163430
gweiss@mrachek-law.com
Scott W. Konopka, Florida Bar No. 80489
skonopka@mrachek-law.com
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, FL  33401
Telephone: (561) 655-2250
Facsimile: (561) 655-5537

Robert H. Thornburg, Florida Bar No. 630829
rthornburg@addmg.com
ALLEN, DYER, DOPPELT, MILBRATH
& GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL  33131
Telephone: (305) 374-8303
_Attorneys for Plaintiff_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

all counsel of record identified on the attached Service List by Email Transmission on November

7, 2014.

    *s/*  GREGORY S. WEISS
Gregory S. Weiss, Florida Bar No. 163430
gweiss@mrachek-law.com
Scott W. Konopka, Florida Bar No. 80489
skonopka@mrachek-law.com
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, FL  33401
Telephone: (561) 655-2250
Facsimile: (561) 655-5537

Robert H. Thornburg, Florida Bar No. 630829
rthornburg@addmg.com
ALLEN, DYER, DOPPELT, MILBRATH
& GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, FL  33131
Telephone: (305) 374-8303

*Attorneys for Plaintiff*

## SERVICE LIST

**Scott D. Ponce, Esquire**
sponce@hklaw.com
**Sanford L. Bohrer, Esquire**
sbohrer@hklaw.com
**Brian W. Toth, Esquire**
brian.toth@hklaw.com
HOLLAND & KNIGHT, LLP
701 Brickell Ave., Suite 3000
Miami, FL  33131-2847
Tel. 305-374-8500

*Attorneys for Defendant*