UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-14291-CIV-ROSENBERG/LYNCH

HAJN, LLC,

    Plaintiff,

vs.

A&E TELEVISION NETWORKS, LLC,

    Defendant.
_____/

**<u>DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER</u>**

Defendant A&E Television Networks, LLC ("AETN") submits its reply in support of its Motion for Protective Order (the "Motion") [ECF No. 22].

## I.    INTRODUCTION

The facts underlying the Motion and underlying third-party Subpoena are set out in the Motion and will not be repeated here. It is, however, worth noting here that there are six things that Plaintiff does not and cannot dispute:

1. The *only* defendant in this action is AETN.

2. The *only* claims pleaded in the Complaint allege that ***AETN*** violated Plaintiff's rights by selling apparel bearing the phrases "Camo Is My Favorite Color" and "My Favorite Color Is Camo" (Compl., ¶24).

3. Duck Commander, Inc. ("Duck Commander") is ***not*** a defendant in this action. Its principals, the Robertsons, are ***not*** defendants in this action.

4. As a party to this action, AETN has standing to object on relevance grounds to a subpoena served upon a non-party such as Duck Commander. *See Auto-Owners Ins. Co. v. S.E. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Armor Screen Corp. v. Storm Catcher, Inc.*, 2008 WL 5049277 at *3 (S.D. Fla. Nov. 25, 2008).

5. In these circumstances, Plaintiff bears the burden to show relevance and necessity. *See Barrington v. Mortg. IT, Inc.*, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007).

6. The relevance requirement of Rule 26(b)(1) cannot be swept aside or diluted under the guise that "broad" discovery should be permitted. As instructed by the Supreme Court, "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied . . . ." *See Herbert v. Lando*, 441 U.S. 153, 177 (1979).

## II.   ARGUMENT

**A.   Request No. 1(a).**

Despite the fact that the claims in this action are limited to AETN's sale of apparel bearing the phrases "Camo Is My Favorite Color" and "My Favorite Color Is Camo," this request from the third-party Subpoena nonetheless seeks the production of *all* agreements and contracts relating to *any* aspect of "Duck Dynasty" ("Any and all contracts, agreements and related instruments between [Duck Commander] and A&E with regard to . . . Duck Dynasty"). Not surprisingly, Plaintiff makes no attempt to explain how or why this portion of the third-party Subpoena, as written, is within the scope of permissible discovery. It was Plaintiff's burden to establish the relevancy of this facially overbroad request and, by not even addressing the request, as written, Plaintiff failed to meet its burden and the Motion should be granted as to this request. *See Barrington*, 2007 WL 4370647 at *3.

Instead of addressing the request, as written, Plaintiff pretends that the request was limited to information relating only to the allegedly infringing apparel. Specifically, Plaintiff argues that it is entitled to discovery regarding AETN's "internal actions and deliberations" regarding the allegedly infringing apparel, and the Robertsons' participation with respect to the allegedly infringing apparel (Resp., pp.3-4). Putting aside, for a moment, that these arguments relate to a limited request that simply does not exist, Plaintiff's arguments fail.

First, Plaintiff agues that "'[t]he *internal* actions and deliberations of an alleged [trademark] *infringer* are relevant to the determination of whether *a defendant* has acted in bad faith, or with bad intent, in using the mark at issue.'" (Resp., p.3) (quoting *Klayman v. Freedom Watch, Inc.*, 2007 WL 3343079 at *4 (S.D. Fla. Nov. 12, 2007)) (brackets in original) (emphasis added). Under the decision Plaintiff cites, a discovery request directed to AETN (the "defendant" and "alleged infringer") regarding AETN's "internal actions and deliberations" about the allegedly infringing apparel *might* be relevant. That, however, is not the discovery request at issue here. Far from it.

This request from the third-party subpoena does *not* seek information regarding AETN's "*internal* actions and deliberations," but instead seeks to discover the terms of AETN's contractual relationship with a third party, which, by definition, is *external* to AETN. Moreover, the request was *not* even served upon the "defendant" or "alleged infringer" (AETN), but was instead part of a subpoena served upon a third-party (Duck Commander) that is not a defendant and is not alleged to have committed any acts of infringement.

As if to prove the point, Plaintiff goes on to argue that this request from the third-party Subpoena seeks relevant information because it will yield "documents showing Duck Commander's control, oversight and direction over, and input into, any branding of Duck Dynasty, including the infringing apparel" (Resp., p.4). The extent to which non-party Duck Commander played a role in connection with the allegedly infringing apparel does not relate to AETN's "internal actions and deliberations." Instead, it relates to the conduct of a third party that is not a defendant in this action, all of which – again – is external to AETN. Plaintiff also fails to explain how the role of non-party Duck Commander is relevant to any of the elements of any of the claims

that Plaintiff has asserted against AETN, especially in light of the fact that Plaintiff does *not* allege that AETN's liability is somehow predicated upon conduct by Duck Commander.

It certainly seems that Plaintiff is trolling for information it could use to bring Duck Commander into this action, but as AETN cited in the Motion – and as Plaintiff completely ignores in its response – the relevance requirement of Rule 26(b)(1) "signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have *no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings*." *See* Fed.R.Civ.P. 26 Advisory Committee's Note (2000) (emphasis added). The Motion should be granted as to Request No. 1(a).

**B.     Request No. 1(b).**

This request, as written, seeks the production of all contracts and agreements relating in *any way* to *any* royalties that were paid to the Robertsons or Duck Commander in connection with *any* aspect of Duck Dynasty ("Any and all contracts, agreements and related instruments between [Duck Commander] and A&E with regard to . . . Royalties based upon the show Duck Dynasty"). This request – which is not tailored in any way to the allegedly infringing apparel – obviously is overbroad, and Plaintiff tacitly concedes as much because its argument does not address the request, as written (Resp., pp.4-5). Thus, the Motion should be granted as to this part of the third-party subpoena because Plaintiff made no attempt to establish the relevance of this request.

Instead of addressing the request it actually served, Plaintiff makes a series of arguments relating to a hypothetical request that is limited to royalties paid or received in connection with the allegedly infringing merchandise (Resp., pp.4-5). Each argument fails.

First, Plaintiff says "royalty information (as well as related payments) is likely the best evidence to determine AETN's use of the names, likeness, rights of publicity, and any related

4

source identifying indicia" (Resp., p.4). It is unclear what, exactly, this even means. Plaintiff appears to be saying that royalty information will demonstrate whether AETN had permission to use the Robertsons' names and likenesses on the allegedly infringing apparel. Tellingly, Plaintiff does not identify the portions of the Complaint alleging a theory of liability that is dependent upon whether and to what extent AETN had the Robertsons' permission to use their names and likenesses. The reason Plaintiff identifies no such allegations is because there are none, and the reason there are none is because whether AETN had the Robertsons' permission is not relevant to any of Plaintiff's claims against AETN.

Second, Plaintiff says "[t]he discovery of royalties paid may lead to additional royalties AETN is paid (or pays) for the sale of infringing material. Obtaining this information will allow [Plaintiff] to clarify damages issues by understanding AETN's royalties paid (or received) for the infringing material" (*Id.*). Plaintiff invokes the notion of damages issues, yet does not explain its theory of damages or identify its damages model, or explain how this royalty information would relate to either. Plaintiff says only, at the end of this section of its argument, that discovery of AETN's "sales" is "directly relevant and necessary for computing damages regarding how AETN monetizes its sales of apparel, including those that include the infringing slogan(s)" (*Id.*, p.5).

Putting aside Plaintiff's failure to explain what it means to "monetize a sale," Plaintiff makes no attempt to explain how or why the amount of royalties, if any, that AETN might pay to Duck Commander or the Robertsons in connection with the allegedly infringing apparel is relevant to computing Plaintiff's damages in a claim against **AETN**. Whether Duck Commander or the Robertsons profited from the sale of allegedly infringing apparel seems designed to evaluate possible claims against Duck Commander and the Robertsons, but, as cited above, that is outside the scope of discovery.

5

Additionally, Plaintiff cannot seriously be contending, in good faith, that it believes the Robertsons or Duck Commander pay AETN a royalty in connection with the allegedly infringing apparel. Indeed, AETN has already served interrogatory responses that provided Plaintiff with all of the information regarding the sales of the allegedly infringing apparel, the amount of money AETN received in connection with those sales, and who paid those amounts to AETN – and it was not Duck Commander or the Robertsons.[1]

Third, Plaintiff argues that "[t]he possible difference in royalties paid between the infringing and non-infringing material can show AETN's intent and is admissible, or is at least reasonably calculated to lead to admissible evidence" (Resp., pp.4-5). This argument fails because not only has Plaintiff failed to explain the nature of the "intent" to which it is referring, but even if AETN paid a specified amount for one type of apparel, and a different amount for different apparel, Plaintiff does not explain how that shows an "intent" by AETN to do anything that is relevant to any of the elements of Plaintiff's claims against AETN. Indeed, completely absent from the response is any indication of the element to which this information supposedly relates, and how the information is relevant to that or any other element.

Fourth, Plaintiff complains that the "Motion fails to articulate any authority suggesting how royalty agreements are not relevant to the issues of damages in trademark infringement actions" (*Id.*, p.5). This argument fails because it inverts the burden. The request here – which even Plaintiff tacitly concedes is facially overbroad – sought all agreements relating to all royalties having anything to do with Duck Dynasty. It was Plaintiff's burden to establish the relevancy of

---

[1] AETN is in the process of supplementing these responses because it recently learned of additional sales.

this facially overbroad request, and it did not even attempt to do so.  *See Barrington*, 2007 WL 4370647 at *3.

The Motion should be granted as to Request No. 1(b).

**C.     Request No. 1(c).**

This request from the third-party Subpoena seeks "[a]ny and all contracts, agreements and related instruments between [Duck Commander] and A&E with regard to . . . Apparel sales based upon Duck Dynasty."  This request is facially overbroad because Plaintiff's claims are not based upon the sale of Duck Dynasty apparel, generally.  The claims are limited to the sale of apparel bearing the phrases "My Favorite Color Is Camo" and "Camo Is My Favorite Color," and Plaintiff did not correspondingly limit this request to the apparel at issue in the action.

Plaintiff does not and cannot dispute this, and all it says in defense of this overbroad request is that it is "akin" to the other facially overbroad requests, Request Nos. 1(a) & (b) (Resp., p.5). Plaintiff says that because this request is "akin" to the other requests, it adopts the arguments it made in connection with those other requests.  As addressed above, those arguments were insufficient to save Request Nos. 1(a) & (b), and they fare no better here.  The Motion should be granted as to Request No. 1(c).

### III.     CONCLUSION

For these reasons, and the reasons stated in the Motion, the Court should enter a protective order prohibiting Plaintiff from discovering the information sought in Request Nos. 1(a)-(c).

7

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendant
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Telephone: 305-374-8500
Facsimile: 305-789-7799

By: /s/ Scott D. Ponce
Sanford L. Bohrer (FBN 160643)
sbohrer@hklaw.com
Scott D. Ponce (FBN 169528)
sponce@hklaw.com
Brian W. Toth (FBN 57708)
brian.toth@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

By: /s/ Scott D. Ponce

#33891524_v1